ELIZA J. BRIDGHAM, and another, appellants from the decree of the judge of probate.

Androscoggin.    Opinion February 11, 1890.

*Evidence. Will. Sanity. Deposition. Striking out answer. Practice.*

In a case where the question was whether a testator had or not capacity to make a will, a deponent, being asked what opportunities he had had for observing the condition of the testator, answered the interrogatory fully and added: "He was just as sane as you or I." *Held*, that it was within the discretion of the judge to refuse to have the last clause of the answer stricken out, the motion therefor not being made until after the whole answer had been read without objections, and the objecting counsel knowing in advance what the answer would be.

A deposition was taken to be used before the probate court, and by written agreement of parties it was to be used at any other trial of the same case. The deposition contained principally competent testimony. *Held*, that such an agreement would not imply that a portion of the deposition, containing incompetent testimony, is to be received, if seasonably objected to.

On exceptions.

This case was an appeal from the decree of the judge of probate, for Androscoggin county, admitting to probate the last will and testament of Samuel Stearns. Issues of sanity, etc., were submitted to the jury. At the trial before the jury the proponents offered and used in evidence the deposition of Eliza Stearns, mother of the testator, but she was not a subscribing witness to the will. The deposition was taken on interrogatories, both parties being represented, to be used and was used at the hearing before the judge of probate; and by written agreement of counsel it was agreed, that it with others might be used at any and all trials, to be had in the same case.

Appellants excepted to the ruling of the presiding justice who admitted part of an answer contained in the deposition. All the particulars of the question and answer appear in the opinion.

*Tascus Atwood,* for appellants.

The jury should have been instructed to disregard the expression of opinion by witness. *Collagan* v. *Burns,* 57 Maine, 449, 473. Opinion of witness not admissible. 1 Greenl. Ev. § 440; *Cilley* v. *Cilley,* 34 Maine, 162; *Hastings* v. *Rider,* 99 Mass. 625. Objection seasonably made. *Polleys* v. *Ins. Co.,* 14 Maine, 141; *Lord* v. *Moore,* 37 Id. 208; *Ins. Co.* v. *Fitzpatrick,* 2 Gray, 280; *Talbot* v. *Clark,* 8 Pick. 55; *Palmer* v. *Crook,* 7 Gray, 419. Not estopped from objecting by the agreement. *Allum* v. *Perry,* 68 Maine, 234; *Ins. Co.* v. *Fitzpatrick,* 2 Gray, 280; *Canal Co.* v. *Hathaway,* 8 Wend. 481; *Lux* v. *Haggin,* 69 Cal. 255. Incompetent testimony should be stricken out on request at the time it was read. *Smith* v. *Whitman,* 6 Allen, 564; *Selkirk* v. *Cobb,* 13 Gray, 313; *Hawes* v. *Gustin,* 2 Allen, 402; *Batchelder* v. *Batchelder,* Id. 105; *Goodnow* v. *Hill,* 125 Mass. 587; *Whitney* v. *Bayley,* 4 Allen, 173; *Jacques* v. *Bridgeport Horse R. R. Co.,* 41 Conn. 61. We can never know how much the jury was influenced by this particular clause complained of. *Ellis* v. *Short,* 21 Pick. 142, 145.

*G. C. and C. E. Wing,* for appellee.

Case does not show appellant was aggrieved. *Harriman* v.

*Sanger*, 67 Maine, 442. Answer waived by written agreement. Spaulding's Prac., c. 22, § 20; *Woodman* v. *Coolbroth*, 7 Maine, 181; *Rowe* v. *Godfrey*, 16 Id. 128; *Brown* v. *Foss*, Id. 257; *Parsons* v. *Huff*, 38 Maine, 137.

Within the discretion of the court, whether the answer should be stricken out. *Parsons* v. *Huff*, *supra*, 144; 1 Thompson's Trials, §§ 701, 718.

PETERS, C. J. The following question and answer are contained in a deposition used, on an issue, before the jury, whether a testator had mental capacity to make a will or not: "What opportunities did you have for knowing the condition of the mind of said Samuel Stearns prior to the 23d day of November, 1887, and on or about that time? State fully." Answer: "I saw him every day; heard him talk about his affairs, about making his will with Mr. Dunn; saw him settling with men who were owing him money, Mr. Bartlett and Mr. Cobb. He was just as sane as you or I."

The deposition was taken to be used before the probate judge, and by written agreement of parties it was to be used at any other trial of the same case. The interrogatory and answer were read without objection, and thereupon the counsel for contestants moved that the last clause in the answer be stricken out, and the motion was denied. It does not appear in the bill of exceptions upon what ground the denial by the judge was based.

It could not have been upon the ground that no objection was noted when the deposition was taken, for, if the evidence is incompetent and not merely informal, the objection need not be noted in the deposition itself. *Lord* v. *Moore*, 37 Maine, p. 217.

Nor could it well be upon the ground that the written agreement to allow the deposition to be used was a waiver of any objection to the incompetency of the evidence. Where the deposition contains principally competent testimony, such an agreement would not imply that a portion of the deposition containing incompetent testimony is to be received, if objected to.

It is to be inferred that the judge considered the request for an amendment of the answer as coming too late. The counsel for the contestants knew of the objectionable clause, if it be such,

in the answer, and made no request or objection until after it was read. At all events, we think the evidence was not important enough to deprive the judge of the power to exercise such a discretion. The deponent was not testifying as an expert, but as a person who had observed the daily conduct of another, and that was his way of expressing himself. Although the rule in this state excludes witnesses from testifying directly to their opinion of the sanity or insanity of another, when that question is the issue to be decided, very many things short of that are admissible, though in the nature of opinion, and the rule has been a good deal liberalized, as will be noticed by an examination of the case of *Fayette* .v. *Chesterville*, 77 Maine, 28, and the cases cited in that case.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.